EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Comisionado de Seguros de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Universal Insurance Company, Inc.<br><br>    Peticionaria | Certiorari<br><br>2006 TSPR 15<br><br>166 DPR \_\_\_\_ |

Número del Caso: CC-2004-127

Fecha: 1 de febrero de 2006

Tribunal de Apelaciones:

                    Región Judicial de San Juan Panel I

Panel integrado por su Presidenta, la Jueza Fiol Matta y los Jueces González Rivera y Rivera Martínez

Abogados de la Peticionaria:

                    Lcdo. Antonio J. Ramírez Aponte
                    Lcdo. Francisco J. Domenech

Abogado de la Parte Recurrida:

                    Lcdo. Noel E. González Abella

Materia: Revisión judicial de decisión administrativa de la
        Oficina del Comisionado de Seguros de P.R.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comisionado de Seguros de
Puerto Rico

        Recurrido

           v.                        CC-2004-127

Universal Insurance Company,
Inc.
        Peticionaria

PER CURIAM

San Juan, Puerto Rico, a 1 de febrero de 2006.

Mediante el presente recurso, se solicita de este Tribunal la revocación de una resolución emitida por el Tribunal de Apelaciones, mediante la cual se declaró sin jurisdicción para revisar una resolución sumaria parcial dictada por la Oficina del Comisionado de Seguros de Puerto Rico. El Tribunal de Apelaciones determinó que la resolución recurrida no es final, por lo que, a tenor con la Ley de Procedimiento Administrativo Uniforme y nuestra jurisprudencia, no adquirió jurisdicción para entrar en los méritos del caso.

I

El 8 de mayo de 2002, el Comisionado de Seguros de Puerto Rico, en adelante el Comisionado, emitió una orden en la cual le imputó a Universal Insurance Company, Inc., en adelante Universal, haber violado los artículos 12.130, 27.090(1) y (2); y 27.160(2) y (3) del Código de Seguros de Puerto Rico[1]. Le imputó haber concedido rebajas en primas no autorizadas en treinta y cuatro (34) pólizas de seguro de propiedad sobre condominios entre enero de 1996 y junio de 2001, ascendentes a ciento dos mil doscientos noventa y cinco dólares ($102,295). También le atribuyó la conducta impropia de haber cobrado primas en exceso de la prima autorizada en veintisiete (27) pólizas, por la suma total de ciento cincuenta y siete mil trescientos cuarenta y nueve dólares ($157,349). El Comisionado ordenó a Universal a cesar y desistir de las prácticas de conceder rebajas en primas no autorizadas y de cobrar primas en exceso al suscribir pólizas de seguros. También, le impuso a Universal la multa administrativa a pagar por tal conducta impropia.

Ante dicha orden, el 28 de mayo de 2002, en virtud del artículo 2.220 del Código de Seguros[2], Universal solicitó la celebración de una vista administrativa. En dicha solicitud, negó haber violado los artículos señalados del Código de Seguros y adujo que las sanciones administrativas

---

[1] 26 L.P.R.A. secs. 1213, 2709(1) y (2), y 2716 (2) y (3).

[2] 26 L.P.R.A. sec. 222.

impuestas eran improcedentes porque durante el período comprendido por la Orden, el propio Comisionado había suspendido el requisito de presentación de tarifas para los seguros de propiedad sobre los condominios, por lo cual dicha industria se encontraba desreglamentada.[3]

Habiendo comenzado el descubrimiento de prueba y ya señalada la vista administrativa solicitada por Universal, el 13 de septiembre de 2002, el Comisionado presentó una moción para que se dictara una resolución parcial sumaria. Señaló los hechos que no estaban en controversia y aquellos sobre los cuales el Oficial Examinador podía tomar conocimiento oficial. Solicitó al Oficial Examinador que dictaminara, mediante resolución parcial sumaria, que Universal había violado el Código de Seguros al cobrar primas en pólizas de seguro de propiedad de condominios que no se ajustan a los tipos o tarifas inscritos.[4]

El 3 de octubre de 2002, Universal presentó su oposición a la moción para que se dictara resolución sumaria parcial que sostuvo en dos argumentos principales. Primero, que el Oficial Examinador no podía tomar conocimiento oficial sobre los hechos que podrían ser necesarios para adjudicar la controversia central del caso. Segundo, que no podía adjudicarse sumariamente el caso sin permitir que se completara el procedimiento de descubrimiento de prueba solicitado por Universal, pues sería contrario al debido

---

[3] Apéndice del recurso de *certiorari*, pág. 54.

[4] Íd. pág. 68.

proceso de ley, ya que el Comisionado no había contestado el pliego de interrogatorios y requerimiento de producción de documentos que Universal le había notificado.[5]

El 23 de octubre de 2002, el Comisionado notificó a Universal su contestación al primer pliego de interrogatorios y requerimiento de producción de documentos. Luego, presentó una replica a la moción de oposición de Universal, quien a su vez presentó dúplica a la misma.

Así las cosas, el 24 de enero de 2003, el Oficial Examinador dictó la resolución parcial sumaria solicitada por el Comisionado. Resolvió lo siguiente:

> ...Universal Insurance Company incurrió en violación de los Artículos 12.130, 27.090(1) y (2) y 27.160(2) y (3) del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 1213, 2709(1) y (2) y 2716(2) y (3), al suscribir, durante el período investigado por la OCS [Oficina del Comisionado de Seguros], contratos de seguros de propiedad para condominios, por los cuales cobró primas que no se ajustaban a los tipos inscritos aprobados aplicables a tales contratos.
> Se confirma la orden de cese y desista que forma parte de la Orden de 8 de mayo de 2002.
> Resuelto el aspecto específico en torno al incumplimiento por parte de Universal Insurance Company con los Artículos 12.130, 27.090(1) y (2) y 27.160(2) y (3) del Código de Seguros de Puerto Rico, supra, resta por determinar el importe de la multa administrativa que deba imponerse y el importe que deba rembolsarse por las primas que fueron cobradas en exceso, a base de los contratos de seguros de propiedad para condominios que fueron suscritos por Universal Insurance Company durante el periodo investigado, y por los cuales cobró primas que no se ajustaban a los tipos inscritos aprobados. A tales efectos, las partes de epígrafe deberán

---

[5] Íd. págs. 78-85, 423-424.

> reunirse en o antes del 28 de febrero de 2003,
> con el fin de simplificar al máximo los
> restantes asuntos en controversia. Llevada a
> cabo dicha reunión, las partes deberán
> presentar en o antes del 1 de abril de 2003,
> un informe conjunto con el fin de recomendar
> fechas para la celebración de una vista
> administrativa, e indicar las cuestiones a
> dilucidarse el día de la vista, especificando
> sus respectivas contenciones sobre los asuntos
> restantes en controversia, de forma tal que se
> facilite la conducción y disposición final del
> caso.[6]

Universal solicitó reconsideración de la Resolución dictada y ésta fue declarada sin lugar. Inconforme con la resolución parcial sumaria emitida por el Oficial Examinador, presentó un recurso de revisión administrativa ante el Tribunal de Apelaciones. Señaló, en síntesis, que el Oficial Examinador erró al tomar conocimiento oficial de hechos no sustentados por declaraciones juradas o prueba documental y dictar resolución parcial sumaria basada en esos hechos. Sostuvo que erró al resolver sumariamente, sin la oportunidad de realizar el descubrimiento de prueba adecuado, que no existía controversia sobre el hecho de lo alegado por el Comisionado, sobre la no-suspensión del requisito de presentación de tarifas, aún cuando Universal sometió evidencia de que éste, intencionalmente, incurrió en conducta dirigida a inducir a las compañías de seguros a pensar que las líneas de seguros comerciales que incluyen los de propiedad sobre condominios estaban desreglamentados.[7]

---

[6] Íd., pág. 351.

[7] Íd., pág. 15 y 16.

Mediante Resolución de 19 de diciembre de 2003, el Tribunal de Apelaciones desestimó el recurso por carecer de jurisdicción. Determinó que la resolución recurrida no es final y por lo tanto no es susceptible de revisión, pues la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme[8], en adelante la L.P.A.U., señala que la revisión judicial de determinaciones administrativas está limitada a las órdenes finales de las agencias.[9] Además, señaló que surge de la propia resolución parcial emitida por el Oficial Examinador, que aún quedan procedimientos pendientes en el ámbito administrativo, incluyendo una vista antes de la disposición final del caso, por lo que el mismo continúa y la resolución recurrida no es final.

Inconforme, el 20 de febrero de 2004, Universal presentó ante nos una petición de *certiorari*. Señaló como error lo siguiente:

> **Erró el Tribunal de Apelaciones al determinar que la Resolución Sumaria no constituye una "orden, o resolución final", por lo cual carecía de jurisdicción para entender de la solicitud de revisión presentada por Universal.[10]**

La parte peticionaria arguye que la resolución sumaria recurrida es una final y revisable, ya que "contiene la posición definitiva del Comisionado en cuanto a las controversias planteadas ante la agencia, y adjudica y

---

[8] Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2172.

[9] Apéndice del recurso de *certiorari*, pág. 428.

[10] Petición de *certiorari*, pág. 13.

determina de manera final y definitiva los derechos y las obligaciones de Universal".[11] Además, alegó, que la resolución sumaria es final porque tiene un impacto inmediato sobre los derechos y obligaciones de Universal y le requiere que actúe inmediatamente.[12]

El Comisionado sostiene que la resolución recurrida es una interlocutoria, no una final, y por lo tanto no revisable por el Tribunal de Apelaciones conforme al artículo 4.2 de la L.P.A.U, *supra*. Alega que la misma no es final, porque todavía está pendiente ante la agencia establecer los montos de las multas y las devoluciones que Universal, el asegurador, tiene que pagar a tenor con lo ordenado. Además, añade, que aunque lo que resta es la determinación de la multa y cantidad a devolver, podrían surgir controversias en torno a dichos montos por concepto de multa y devolución de primas, por lo que el proceso ante la agencia no ha culminado y el dictamen sumario recurrido es uno interlocutorio y no final.

Contando con la comparecencia de ambas partes, nos encontramos en posición de resolver.

II

La Ley de Procedimiento Administrativo Uniforme de Puerto Rico, *supra*, establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por

---

[11] Íd.

[12] Alegato de la Parte Peticionaria, presentado el 10 de junio de 2004, pág. 20.

las agencias administrativas de Puerto Rico. Por virtud de dicha ley, una parte que haya sido afectada adversamente por una **orden o resolución final** de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia.[13]

La sección 1.3 de la L.P.A.U. dispone que una orden o resolución "significa cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador."[14] De igual forma, dicho estatuto especifica que una orden o resolución parcial constituye aquella "acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma".[15] También define una orden interlocutoria como aquella "acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal."[16]

---

[13] Íd., sec. 2172.

[14] 3 L.P.R.A. sec.2102.

[15] Íd.

[16] Íd.

La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran **todas** las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales.[17] Por estos motivos, dispuso lo siguiente, respecto a una orden o resolución interlocutoria:

> Una orden o resolución interlocutoria de una agencia no es revisable directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.
> (........)
> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.[18]

Las definiciones anteriormente mencionadas, no delimitan expresamente lo que constituye una orden o resolución final. No obstante, hemos expresado que **una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve <u>todas</u> las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser**

---

[17] P. del S. 254 de 26 de diciembre de 1997, 1era Sesión Extraordinaria, 13era Asamblea Legislativa, págs. 957-958.

[18] 3 L.P.R.A. sec.2172.

**decidida en el futuro.**[19] Hemos intimado, además, que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión.[20] Es decir, una orden o resolución final de una agencia administrativa es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Se trata de la resolución que culmina en **forma final** el procedimiento administrativo respecto a **todas las controversias.**[21] Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial.

El Tribunal Supremo de Estados Unidos, en Bennett v. Spear[22], expresó dos condiciones que tienen que ser satisfechas para que una decisión administrativa pueda ser considerada final. Primero, la actuación de la agencia debe representar la culminación de su proceso decisorio; y segundo, la actuación administrativa debe ser una en la

---

[19] A.R.Pe v. Coordinadora, 2005 T.S.P.R.147, 2005 J.T.S.152, 165 D.P.R.__ (2005); Tosado v. A.E.E., 2005 T.S.P.R. 113, 2005 J.T.S.118, 165 D.P.R.__ (2005); Junta Examinadora de Tecnólogos Medicos v. Elías et al., 144 D.P.R. 483 (1997).

[20] Junta Examinadora de Tecnólogos Medicos v. Elías et al., supra; Pueblo ex rel. R.S.R., 121 D.P.R.293 (1988).

[21] Junta Examinadora de Tecnólogos Medicos v. Elías et al., supra.

[22] 520 U.S. 154 (1997).

cual se determinen todos los derechos y obligaciones de las partes o surjan consecuencias legales.[23]

No obstante, aunque es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, en el caso Junta Examinadora de Tecnólogos Médicos v. Elías, supra, expresamos que una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. Comenta el tratadista Demetrio Fernández sobre la referida normativa jurisprudencial, lo siguiente:

> Es innecesario e injusto requerirle a una parte que litigue si el organismo administrativo carece de jurisdicción con el solo fin de que se cumpla con el requisito de finalidad.[24]

En Oficina de la Procuradora del Paciente v. Aseguradora MCS, IPA 603,[25] reiteramos la doctrina de que un caso claro de falta de jurisdicción de una agencia administrativa constituye una excepción a la norma de la finalidad. No obstante, es preciso aclarar que "no toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a

---

[23] Bennett v. Spear, supra, citado en R.J. Pierce, Administrative Law Treatise, 4ta ed., New York, Ed. Aspen Law & Business, 2002, Vol. II, pág. 1037.

[24] Demetrio Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da. ed., Colombia, Forum, 2001, págs. 474-475; Junta Examinadora de Tecnólogos Medicos v. Elías et al., supra, pág. 492.

[25] 2004 T.S.P.R. 153, 2004 J.T.S. 160, 163 D.P.R.___(2004).

la parte de culminar sus gestiones en la agencia"[26] ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que carece realmente de jurisdicción la agencia administrativa, el proceso administrativo se convierte en  final por no quedar asuntos o controversias pendientes de dilucidar por la agencia y sólo entonces sería revisable por el Tribunal de Apelaciones.

III

En el caso ante nos, el Oficial Examinador de la Oficina del Comisionado de Seguros emitió una Resolución Parcial Sumaria, de la cual Universal solicitó revisión al Tribunal de Apelaciones. Dicho foro apelativo se declaró sin jurisdicción para atender tal solicitud, pues la resolución recurrida no era final y por ende no revisable según la L.P.A.U., *supra.* Concluimos que es correcta la determinación del Tribunal de Apelaciones. Veamos.

El peticionario alega, amparándose en el caso Bell v. New Jersey[27] del Tribunal Supremo de los Estados Unidos, que la Resolución sumaria emitida es final porque contiene la posición definitiva del Comisionado en cuanto a las controversias planteadas ante la agencia, además de que adjudica y determina de manera final y definitiva los derechos y obligaciones de Universal, emanando así

---

[26] Colón Ventura v. Méndez, 130 D.P.R. 433, 444 (1992).

[27] 461 U.S. 773 (1983).

consecuencias legales.[28] No le asiste razón. Si bien es cierto que el Oficial Examinador determinó que Universal incurrió en violación de varios artículos del Código de Seguros, controversia central del caso mas no la única, aún quedan asuntos importantes por dilucidar. Entiéndase que no estamos resolviendo si la determinación del Oficial Examinador es o no correcta. Entre los asuntos por dilucidar, los cuales también podrían levantar controversias futuras, se encuentran determinar el importe de la multa administrativa que deba imponerse, el importe que debe rembolsarse por concepto de las primas cobradas en exceso y de primas cobradas que no se ajustaron a los tipos aprobados. Por este motivo, no se ha adjudicado de manera final **todos** los derechos y obligaciones de las partes. La agencia no ha finalizado el proceso ante sí. Hizo una determinación mediante la cual ordena a Universal a cesar y a desistir de cierta conducta que el Oficial Examinador consideró contraria al Código de Seguros. No obstante, debemos permitir que se celebre la vista administrativa pendiente y que la Oficina del Comisionado de Seguros emita su decisión final, donde adjudique **todos** los derechos y obligaciones de las partes. Por lo cual, no siendo final la resolución recurrida, lo determinado por la agencia en la misma, no es ejecutable hasta que se adjudiquen **todos** los derechos y obligaciones de las partes.

Por lo tanto, la resolución recurrida no cumple con los requisitos de finalidad establecidos en nuestra

---

[28] Alegato de la Parte Peticionaria, presentado el 10 de junio de 2004, pág. 19.

jurisprudencia. La misma es una **resolución parcial**, no una final. No es final porque no culmina el proceso administrativo y deja controversias pendientes. Resolver lo contrario, es girar en contra de la intención legislativa de evitar la intervención judicial prematura e indebida en los procesos administrativos. Cuando concluya todo el proceso ante la Oficina del Comisionado de Seguros y se adjudiquen **todas** las controversias y asuntos, de estar inconforme con la decisión final de la agencia, cualquiera de las partes podrá solicitar su revisión al Tribunal de Apelaciones.

Concluimos que, actuó correctamente el Tribunal de Apelaciones al declararse sin jurisdicción para revisar la resolución recurrida, pues la misma es una parcial y no final.

IV

Por los fundamentos antes expuestos, se confirma la determinación del Tribunal de Apelaciones y se devuelve el caso a la Oficina del Comisionado de Seguros para que continúe con los procedimientos pendientes.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comisionado de Seguros de
Puerto Rico

        Recurrido

            v.                              CC-2004-127

Universal    Insurance    Company,
Inc.

        Peticionaria


                          SENTENCIA

        San Juan, Puerto Rico, a 1 de febrero de 2006.

        Por los fundamentos expuestos en la Opinión Per
Curiam que antecede, la cual se hace formar parte íntegra
de la presente, se confirma la determinación del Tribunal
de Apelaciones y se devuelve el caso a la Oficina del
Comisionado de Seguros para que continúe con los
procedimientos pendientes.

        Lo acordó el Tribunal y certifica la Secretaria
del Tribunal Supremo.  El Juez Asociado señor Fuster
Berlingeri y la Jueza Asociada señora Rodríguez
Rodríguez concurren con el resultado sin opinión
escrita.  La Jueza Asociada señora Fiol Matta
inhibida.



                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo